UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Bethann Shannon                                        :
                                                       :   Case No. 07 CIV 7926 (DLC) (MHB)
                         Plaintiff,                    :
                                                       :
       v.                                              :   **ANSWER OF DEFENDANT**
                                                       :   **FOCUS FEATURES LLC**
Focus Features, LLC and                                :
Universal Entertainment Corporation                    :
                                                       :
                         Defendants.                   :
-----------------------------------------------------------x

Defendant Focus Features LLC (sued erroneously as "Focus Features, LLC") ("Focus" or "Defendant"), for itself alone and for no other party, answers the Complaint (the "Complaint") of plaintiff Bethann Shannon ("Plaintiff") as follows:

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff has purported to bring this action pursuant to the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and denies that Defendant is liable to Plaintiff for copyright infringement or any other claim.

2. Answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff purports to bring this action pursuant to the United States Copyright Act and purports to base jurisdiction on 28 U.S.C. §§ 1331 and 1338.

3. Answering Paragraph 3 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies said allegations.

1

4.  Answering Paragraph 4 of the Complaint, Defendant admits that Focus is a Delaware limited liability company authorized to do business in New York State.

5.  Answering Paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies said allegations.

6.  Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff purports to base venue in this Court on 28 U.S.C. § 1391, and admits that Focus resides in New York State. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of the Complaint and, on that basis, denies said allegations.

7.  Answering Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies said allegations.

8.  Answering Paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies said allegations.

9.  Answering Paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein and, on that basis, denies said allegations.

10. Answering Paragraph 10 of the Complaint, Defendant denies the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Defendant admits that the release of the theatrical motion picture "Seed of Chucky" (the "Picture") was announced in or about 2004 and that the Picture was theatrically released in November 2004.

12. Answering Paragraph 12 of the Complaint, Defendant admits that Focus distributed flexible promotional items containing the words "Seed of Chucky" on one side and "Coming Everywhere. November 12" on the other side.  The allegations contained in Paragraph 12 of the Complaint are vague and ambiguous as to the terms "head" and "tail" as applied to those promotional items and, on that basis, Defendant denies said allegations.  Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Answering Paragraph 13 of the Complaint, Defendant admits that attached as Exhibit B to the Complaint is what appears to be a photograph.  Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Exhibit B is a photograph of Plaintiff's alleged "doll" and one of Focus' promotional items and, on that basis, denies said allegations.  Defendant denies that the two items are visually identical and denies the remaining allegations contained in Paragraph 13 of the Complaint.

AS TO THE FIRST CAUSE OF ACTION:

14. Answering Paragraph 14 of the Complaint, Defendant adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 13 of the Complaint.

15. Answering Paragraph 15 of the Complaint, Defendant admits that Focus distributed the promotional items in connection with the Picture. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Answering Paragraph 16 of the Complaint, Defendant denies the allegations contained therein. Specifically, and without limitation, Defendant denies that Focus infringed Plaintiff's copyright and further denies that any alleged infringement was willful.

17. Answering Paragraph 17 of the Complaint, Defendant denies the allegations contained therein. Specifically, and without limitation, Defendant denies that Focus is liable to Plaintiff for damages of any kind, including statutory damages, and Defendant denies that Plaintiff is entitled to recover any costs or fees in this action, including attorney fees.

18. Any allegations of the Complaint not hereinabove admitted, denied, or otherwise responded to are denied, and Defendant specifically denies that Plaintiff is entitled to any relief whatsoever in this action.

In further answer to the Complaint, and as and for separate, affirmative defenses, Defendant alleges:

### FIRST AFFIRMATIVE DEFENSE

19. The Complaint, and each and every cause of action alleged therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations including, without limitation, as set forth in 17 U.S.C. § 507(b).

### THIRD AFFIRMATIVE DEFENSE

21. The doctrine of laches bars Plaintiff's claims because Plaintiff sat on her rights and unreasonably delayed taking action to protect her purported interests to the prejudice and detriment of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

22. Plaintiff has waived any right to relief in this action.

### FIFTH AFFIRMATIVE DEFENSE

23. Plaintiff is estopped by her own acts, conduct, or omissions from obtaining any relief in this action.

**SIXTH AFFIRMATIVE DEFENSE**

24. The allegedly infringing elements of the promotional item that Plaintiff claims to infringe her purported copyright were created independently of and/or prior to Plaintiff's alleged work.

**SEVENTH AFFIRMATIVE DEFENSE**

25. The allegedly infringing elements of the promotional item that Plaintiff claims to infringe her purported copyright are not protectible by copyright, either alone or collectively.

**EIGHTH AFFIRMATIVE DEFENSE**

26. Any use of purportedly copyrightable elements in Plaintiff's alleged work was *de minimis* and thus not actionable.

WHEREFORE DEFENDANT PRAYS AS FOLLOWS:

27. That Plaintiff take nothing by reason of her Complaint and that judgment thereon be entered in favor of Defendant;

28. That Defendant be awarded its costs of suit herein, including, without limitation, attorney fees pursuant to 17 U.S.C. § 505;

29. That Plaintiff's purported copyright be declared invalid; and

30. For such other and further relief as the Court may deem just and proper.

          Respectfully submitted,

Dated:  October 22, 2007

S/ Julie Rikelman
NBC UNIVERSAL, INC.

David L. Burg (*pro hac vice pending*)
100 Universal City Plaza
Building 1280-6
Universal City, California  91608
Telephone:  (818) 777-1856
Facsimile:  (818) 866-2166
Email:  David.Burg@nbcuni.com

Julie Rikelman (JR 4888)
30 Rockefeller Plaza
Suite 1011E
New York, New York 10112
Telephone: (212) 664-4167
Facsimile: (212) 664-6572
Email: Julie.Rikelman@nbcuni.com

Attorneys for Defendant Focus Features LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of October 2007, I caused to be served by ECF a true and correct copy of ANSWER OF DEFENDANT FOCUS FEATURES LLC upon the following individuals:

Paul C. Rapp
348 Long Pond Road
Housatonic, MA 01236
(413) 553-3189

Attorney for Plaintiff.

                                          S/ Julie Rikelman